UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AGNIESZKA WASILEWSKI,

                                        Plaintiff,

-against-

SHORENSTEIN INVESTMENT ADVISERS LLC,
SHORENSTEIN PROPERTIES LLC, and ALLIED
UNIVERSAL RISK ADVISORY AND
CONSULTING SERVICES, INC.,

                                       Defendants.
------------------------------------------------------------------X

Case No.: 25-CV-01642

**COMPLAINT**

**JURY TRIAL DEMANDED**

Agnieszka Wasilewski, by and through her attorney, Romano Law PLLC, for her Complaint against Shorenstein Investment Advisers LLC, Shorenstein Properties LLC (collectively with Shorenstein Investment Advisers LLC, "Shorenstein") and Allied Universal Risk Advisory And Consulting Services, Inc. ("Allied"), alleges, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Agnieszka Wasilewski brings this action to recover damages for the severe emotional distress and related physical injuries she suffered during and after she was sexually assaulted at a building that was owned and operated by Shorenstein and where Allied was the security contractor in charge of ensuring the safety of the property.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of New York and Delaware, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Ms. Wasilewski is an individual who resides in Staten Island, New York.

5. Upon information and belief, each of the Shorenstein entities is a limited liability company formed under the laws of Delaware. Upon information and belief, Shorenstein owns and manages the property located at 1407 Broadway in New York, New York 10018 (the "Building").

6. Upon information and belief, Allied is a corporation formed under the laws of Delaware, with a principal place of business in Irvine, California. Upon information and belief, Allied provides security services and staff for the Building.

## FACTS

7. Beginning in July 2022, Ms. Wasilewski worked as a janitorial staff member at the Building, a 43-story building that houses retail stores and offices in Times Square.

8. Shorenstein owns and manages the Building.

9. Shorenstein contracted Allied to provide security services and staff for the Building.

10. Ms. Wasilewski's janitorial duties included cleaning the bathrooms in the Building.

11. On April 2, 2024, Ms. Wasilewski was sexually assaulted by a man (the "Perpetrator") while she was on shift working in the Building, cleaning the women's restroom on the fifth floor of the Building (the "Bathroom").

12. Specifically, Ms. Wasilewski entered the Bathroom at 8:20 A.M. on April 2, 2024, and began cleaning.

13. While Ms. Wasilewski faced the wall in the Bathroom, the Perpetrator suddenly grabbed her from behind and placed her in a chokehold.

14. Ms. Wasilewski was shocked, terrified, and unable to move when she felt the Perpetrator grab her.

15. The Perpetrator ordered Ms. Wasilewski to remove her pants.

16. Ms. Wasilewski feared for her life as the Perpetrator began sexually assaulting her.

17. The Perpetrator then ripped Ms. Wasilewski's blouse to take it off of her and further assaulted her.

18. The Perpetrator threatened Ms. Wasilewski that he would kill her if she spoke to anyone about this incident.

19. As she was being assaulted, Ms. Wasilewski managed to reach for her radio and screamed repeatedly for help.

20. As Ms. Wasilewski screamed for help, the Perpetrator lost his grip, and Ms. Wasilewski broke free.

21. The Perpetrator fled after Ms. Wasilewski broke free from his grip.

22. Ms. Wasilewski could not identify the Perpetrator because he wore a mask that covered his face.

23. Ms. Wasilewski collapsed on the floor after the Perpetrator fled.

24. After she collapsed, Ms. Wasilewski's coworker and an Allied security officer entered the bathroom and helped usher Ms. Wasilewski to the security office in the Building.

25. While in the security office, Ms. Wasilewski told the site manager and the Building's security manager—an Allied employee—about her sexual assault.

26. Ms. Wasilewski sustained abrasions on her face, which she showed to the site manager and the security manager.

27. To Ms. Wasilewski's surprise and extreme discomfort, her manager and the security manager responded by offering her a shot of alcohol.

28. The sexual assault, as well as the conduct of the site manager and the security manager, left Ms. Wasilewski with physical injuries, severe emotional distress, and psychological injuries.

29. The sexual assault left Ms. Wasilewski bedridden for several days, suffering from serious ongoing physical pain in her shoulder, neck, and arm.

30. Since the attack, Ms. Wasilewski suffers from a panic disorder, depression, and anxiety, which continues to the present day.

31. Ms. Wasilewski often struggles to fall asleep because of those physical and psychological injuries.

32. Ms. Wasilewski has been unable to return work as a result of the severe emotional distress and psychological injuries she suffered from the sexual assault.

33. Ms. Wasilewski's sexual assault was the result of poor security measures at the Building.

34. Six months before Ms. Wasilewski was sexually assaulted, a homeless individual managed to enter the Building without authorization and spent a considerable amount of time on a couch inside the Building.

35. This security breach was reported to Shorenstein and Allied.

36. Despite knowing about the prior security breach, Shorenstein and Allied failed to take additional measures to ensure the safety of tenants and workers in the Building.

37. Shorenstein and Allied acted with reckless and wanton indifference to the consequences of the poor security in the Building, which were both measured and foreseen.

38. When she was attacked, Ms. Wasilewski was legally present on the Building's property performing her work for Shorenstein.

39. As a member of a specific, limited class of employees that Shorenstein contracted to provide cleaning and other services throughout the Building, Ms. Wasilewski was an intended beneficiary of Allied's security services to Shorenstein.

40. Ms. Wasilewski relied on Allied's security services to her detriment.

41. Upon information and belief, the New York Police Department is still investigating the identity of the Perpetrator.

## COUNT 1
### Negligence
### As against Shorenstein

42. Ms. Wasilewski repeats and realleges the paragraphs above as if stated below.

43. Shorenstein owned and managed the Building at the time of Ms. Wasilewski's sexual assault.

44. Ms. Wasilewski was performing her janitorial duties at the Building when she was sexually assaulted. Ms. Wasilewski suffered considerable emotional and physical harm from the assault.

45. Shorenstein owed a duty to maintain a safe workplace.

46. As the owner and property manager, Shorenstein owed a duty to ensure the safety of individuals in the Building, including Ms. Wasilewski, who was contracted to perform cleaning services.

47. Shorenstein failed to take measures to secure the Building despite knowing of at least one prior security breach.

48. Ms. Wasilewski was sexually assaulted as a result of Shorenstein's failure to take proper measures to secure the Building.

## COUNT 2
### Negligent Security
### As against Shorenstein

49. Ms. Wasilewski repeats and realleges the paragraphs above as if stated below.

50. Shorenstein owned and managed the Building where Ms. Wasilewski worked.

51. Shorenstein owed a duty to maintain the Building in safe conditions for tenants and workers.

52. Shorenstein failed to take proper measures to secure the Building despite knowing the foreseeable risk of harm, given its knowledge of at least one prior security breach.

53. Ms. Wasilewski was sexually assaulted because of Shorenstein's failure to take proper measures to ensure the safety of tenants and workers at the Building.

54. Ms. Wasilewski has suffered damages as a result of that attack.

## COUNT 3
### Negligent Hiring, Retention, and Supervision
### As against Shorenstein

55. Ms. Wasilewski repeats and realleges the paragraphs above as if stated below.

56. Shorenstein contracted Allied to provide security services at the Building.

57. Shorenstein knew or should have known about Allied's failure to maintain the safety of the Building because it was aware of at least one prior security breach when a homeless person entered and spent time at the Building without authorization.

58. As a result of Shorenstein failure to exercise reasonable care in supervising Allied, Ms. Wasilewski was sexually assaulted at the Building.

59. Ms. Wasilewski has suffered damages as a result of that attack.

## COUNT 4
### Negligent Infliction of Emotional Distress
### As against Shorenstein and Allied

60. Ms. Wasilewski repeats and realleges the paragraphs above as if stated below.

61. Shorenstein owed a duty to Ms. Wasilewski to ensure the safety of the Building, and those individuals within it, as the owner and manager of the Building.

62. Allied owed a duty to ensure the safety of the Building, and those individuals within it, as a result of its dealings with Shorenstein.

63. Ms. Wasilewski was an intended beneficiary of Allied's security services, given her close relationship to Shorenstein as a worker contracted to perform services in the Building.

64. Shorenstein and Allied breached their duties when they failed to ensure the safety of tenants and workers at its Building, evidenced by the attack on Ms. Wasilewski.

65. Ms. Wasilewski was sexually assaulted as a result of Shorenstein's and Allied's breaches.

66. The risk of an attack was foreseeable, given the previous security breach, among other things.

67. When Ms. Wasilewski told Shorenstein and Allied employees about the sexual assault – immediately after it occurred – they responded by offering Ms. Wasilewski alcohol.

68. Ms. Wasilewski suffered severe emotional stress and psychological injuries as a result of her sexual assault, and Shorenstein and Allied employees.

## COUNT 5
### Negligent Hiring, Retention, and Supervision
### As against Allied

69. Ms. Wasilewski repeats and realleges the paragraphs above as if stated below.

70. Allied was contracted to provide security services at the Building.

71. Allied knew or should have known about its employees' failure to maintain the safety of the Building because it was aware of at least one prior security breach that occurred when a homeless person entered and spent time at the Building without authorization, only months before Ms. Wasilewski was sexually assaulted.

72. As a result of Allied's failure to exercise reasonable care in hiring, supervising, and retention of its employees that provided security services at the Building, Ms. Wasilewski was sexually assaulted in the Building.

73. Ms. Wasilewski has suffered damages as a result of that attack.

### COUNT 6
### Negligence
### As against Allied

74. Ms. Wasilewski repeats and realleges the paragraphs above as if stated below.

75. Allied was contracted by Shorenstein to, and did, provide security services for the Building at the time of Ms. Wasilewski's sexual assault.

76. Ms. Wasilewski was an intended beneficiary of Allied's security services, given her close relationship to Shorenstein as a worker contracted to perform services in the Building.

77. Allied owed a duty to maintain a safe environment within the Building, including a duty to ensure the safety of the individuals contracted to perform work in the Building, such as Ms. Wasilewski.

78. The risk of an attack was foreseeable, given the previous security breach, among other things.

79. Allied breached its duties when it failed to ensure the safety of the Building, evidenced by the attack perpetrated on Ms. Wasilewski.

80. Ms. Wasilewski was sexually assaulted as a result of Allied's breach.

81. Ms. Wasilewski suffered severe emotional stress and psychological injuries as a result of her sexual assault.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Agnieszka Wasilewski respectfully requests judgment against Defendants, awarding compensatory, consequential, exemplary, general, and punitive damages in an amount to be determined at trial; costs of suit; attorneys' fees; and such other and further relief as the Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Ms. Wasilewski respectfully requests a trial by jury on all issues so triable.

Dated: February 26, 2025
New York, New York

Respectfully submitted,

**ROMANO LAW PLLC**

By: /s/ David Fish
David Fish
Ellie Sanders
One Battery Park Plaza, 7th Floor
New York, New York 10004
Phone: (212) 865-9848
Email: davidf@romanolaw.com
ellie@romanolaw.com

*Attorneys for Plaintiff Agnieszka Wasilewski*