**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
AGNIESZKA WASILWESKI,

                                Plaintiff,                      **25-CV-1642 (VSB) (KHP)**

          -against-                        **POST-CONFERENCE ORDER**

SHORENSTEIN INVESTMENT ADVISORS
LLC, et al.,

                             Defendants.
----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      On June 26, 2025, the parties appeared for an Initial Case Management Conference. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

      **Pleadings, Parties, and Motions.** The parties shall have until **July 28, 2025**, to amend the pleadings and join parties. Any currently anticipated third-party claims must be filed by **July 15, 2025**. Likewise, the parties shall stipulate to (or file a letter regarding the status of, if agreement is not reached) dismissing potentially improperly named parties and substituting proper ones by **July 15, 2025**. The parties shall meet and confer. No further amendments or joinder of parties thereafter absent good cause.

      **Discovery.** The deadline to complete all discovery is **December 24, 2025**. The parties shall consult with Judge Broderick's rules regarding motions for summary judgment. Pre-motion letters or motions will be due thirty (30) days after the close of discovery, as applicable.

      **Discovery Disputes.** The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Letter.**  In lieu of setting a case management conference date at this time, the Court requests a status letter **August 15, 2025**.

**Settlement Conference.**  The parties shall file a letter requesting a settlement conference when they deem it productive.

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This

Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED:   New York, New York
         June 30, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge