**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
AGNIESZKA WASILWESKI,

                                        Plaintiff,

                        -against-

SHORENSTEIN INVESTMENT ADVISORS
LLC, et al.,

                                        Defendants.
-------------------------------------------------------------------X
SHORENSTEIN INVESTMENT ADVISORS
LLC, et al.,

                                Third-Party Plaintiffs,

                        -against-

COLLINS BUILDING SERVICES, INC.,

                                Third-Party Defendant.
-------------------------------------------------------------------X

**25-CV-1642 (VSB) (KHP)**

<u>**ORDER**</u>

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff in this case filed her initial Complaint on February 26, 2025. (ECF No. 1.)

Defendant Allied Universal Risk Advisory and Consulting Services, Inc. ("Allied") filed an Answer

on March 26, 2025. (ECF No. 10.)  On April 15, 2025, the parties filed a letter noting that all

parties consented to an amended complaint. (ECF No. 21.)  On April 16, 2025, the Plaintiff filed

a First Amended Complaint. (ECF No. 22.)  On April 17 and 18, 2025, the Clerk's office rejected

the Amended Complaint for failing to attach an order granting permission to file an amended

pleading.  Nevertheless, Defendants SRI Eleven 1407 Broadway Operator LLC, Shorenstein

Realty Servies, L.P., Shorenstein Realty Services East LLC, Shorenstein Properties LLC, and

Shorenstein Investment Advisers LLC (together, "Shorenstein Defendants") filed an Answer to

the Amended Complaint on April 25, 2025.  Allied filed an Answer to the Amended Complaint on May 12, 2025.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that parties may amend pleadings "once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]"  Otherwise, the parties require the Court's leave to file amended pleadings.

Rule 6(a)(1) of the Federal Rules provides that, when computing time, a period "stated in days" will "exclude the day of the event trigger[ing] the period; . . . count every day, including intermediate Saturdays, Sundays, and legal holidays; and . . . include the last day of the period," except when the last day falls on a Saturday, Sunday, or legal holiday, in which case the period ends at "the end of the next day which is not" a weekend or holiday.  The last day ends at midnight in the Court's time zone for electronic filing. Fed. R. Civ. P. 6(a)(4).  A responsive pleading includes an answer to a complaint. Fed. R. Civ. P. 7(a)(2).

For the clarity of the record, the Amended Complaint was timely filed.  When Allied served its answer, the operation of Rule 15 gave Plaintiff twenty-one days from the date the responsive pleading was filed, not including March 26, 2025, to file an amended pleading. Fed. R. Civ. P. 15(a)(1)(B).  Thus, the twenty-first day—the final day to file an amended complaint as of right—was April 16, 2025.  While the parties efforts to consent to an amended pleading are appreciated, they were not necessary.  Nor was a court order necessary to amend.[1]

---

[1] Nor did the filing of an exhibit to the Amended Pleading on April 17, 2025 (ECF No. 26), render the pleading untimely.  Indeed, the document at ECF No. 26 had already been filed at ECF No. 21.  As the Court has concluded consent was not necessary to amend, it was also not necessary to attach a letter regarding consent to amend to the complaint.

Accordingly, the amended pleading of April 16, 2025 (ECF No. 22), is the operative pleading in this action. Further amendments would require leave of court.

The Clerk is respectfully directed to accept the filing at ECF No. 22 as the operative complaint in this action.

**SO ORDERED.**

DATED:     New York, New York
           December 5, 2025            KATHARINE H. PARKER
                                       United States Magistrate Judge